**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANLEY SWENSON, | No. 11-16678 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01675-FCD-CMK |
| v. | |
| SISKIYOU COUNTY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Stanley Swenson appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging claims regarding the deprivation of a vested property

interest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004) (failure to state a claim); *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc) (summary judgment). We affirm in part, reverse in part, and remand.

The district court properly dismissed Swenson's § 1985 claim because Swenson failed to allege that defendants conspired to interfere with a federal officer's duties, to obstruct a judicial proceeding, or to discriminate against him based on his race or other protected ground. *See Bretz v. Kelman*, 773 F.2d 1026, 1027-28 & n.3 (9th Cir. 1985) (en banc) (listing elements of § 1985 claim).

The district court properly granted summary judgment on Swenson's takings claim because Swenson failed to seek compensation from the state through an inverse condemnation action. *See Schnuck v. City of Santa Monica*, 935 F.2d 171, 173-74 (9th Cir. 1991) (federal takings claim not ripe until plaintiff is denied compensation through state procedures, which California has provided since 1987).

However, dismissal of Swenson's procedural due process claim was improper because Swenson did not allege a random and unauthorized deprivation of property. *See Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990) (adequate post-deprivation state law remedies only bar a procedural due process claim for random and unauthorized conduct that leads to the deprivation of a protected liberty or property interest). Rather, Swenson alleged that defendants deprived him of a

vested property interest under established state law procedures, which made it possible for them to both foresee the deprivation and provide pre-deprivation due process. *See id.* (due process claim is not barred where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available).

Summary judgment on Swenson's substantive due process claim was also improper because, viewing the evidence most favorably to Swenson, he raised a genuine dispute of material fact as to whether defendants acted in an arbitrary and irrational manner when they invalidated a vested property interest due to political or other considerations. *See Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990) (abrupt rejection of proposed development plan raised a triable dispute as to whether city was motivated by political pressure from neighbors and residents, and not regulatory concerns).

The district court did not abuse its discretion in denying Swenson's motion to compel production of privileged documents and granting defendants' motion for sanctions against Swenson for his failure to timely respond to discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (discovery rulings should only be disturbed on clear showing of actual and substantial prejudice). On remand, however, the district court should reassess its denial of any discovery to

Swenson on the ground that it was only relevant to his previously dismissed procedural due process claim.

We do not consider Swenson's equal protection claim as it is raised for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**